# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

        Civil No.
        Honorable

LaCie 200GB External Hard Drive,
S/N: 143304337;
LaCie 200GB External Hard Drive,
S/N: 143106110;
LaCie 250GB External Hard Drive,
S/N: 160703650;
LaCie 320GB External Hard Drive,
S/N: 172801591;
LaCie Unknown Capacity External Hard Drive,
S/N: 15541407112865GHB;
LaCie Unknown Capacity External Hard Drive,
S/N: 14621212115450EHB;
LaCie Unknown Capacity External Hard Drive
with Orange Case, S/N: 129611062346QR;
Apple Macbook, Model: A2141 with cord,
S/N: C02ZH7JEMD6N;
Apple Macbook, Model A1286 with cord,
S/N: Unknown;
Dell Latitude 3490 laptop with cord, S/N: FSD5LP2;
Apple Monitor, Model A1081,S/N: Unknown;
Lorex DVR Storage Device, Model: LH050400,
S/N: DK02150701147;
Apple MacBook Pro, Model A1398,
S/N: C02NVDXWG3QD; and
Orange 16GB "Progressive" Thumbdrive, S/N:
Unknown,

        Defendants *in Rem*.

_____/

## **COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, and states upon information and belief in support of this Complaint for Forfeiture as follows:

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. § 2254, resulting from a violation or violations of 18 U.S.C. § 2252A, seeking forfeiture of electronic equipment seized from a residence at 19XX Briarwood Drive, Flint, Michigan, on or about July 15, 2020.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the United States' claims occurred in the Eastern District of Michigan.

5.  Venue is also proper before this Court pursuant to 28 U.S.C. §§ 1395(a) and (b) as the action accrued, and the Defendants *in rem* were found and seized, in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6.  The Defendants *in rem* consists of Miscellaneous Electronics, specifically:

   a.  One LaCie 200GB External Hard Drive, S/N: 143304337;

   b.  One LaCie 200GB External Hard Drive, S/N: 143106110;

   c.  One LaCie 250GB External Hard Drive, S/N: 160703650;

   d.  One LaCie 320GB External Hard Drive, S/N: 172801591;

   e.  One LaCie Unknown Capacity External Hard Drive, S/N: 15541407112865GHB;

   f.  One LaCie Unknown Capacity External Hard Drive, S/N: 14621212115450EHB;

   g.  One LaCie Unknown Capacity External Hard Drive with Orange Case, S/N: 129611062346QR;

   h.  One Apple Macbook, Model: A2141 with cord, S/N: C02ZH7JEMD6N;

   i.  One Apple Macbook, Model A1286 with cord, S/N: Unknown;

   j.  One Dell latitude 3490 laptop with cord, S/N: FSD5LP2;

   k.  One Apple Monitor, Model A1081, S/N: Unknown;

   l.  One Lorex DVR Storage Device, Model: LH 050400, S/N: DK02150701147;

  m. One Apple MacBook Pro, Model A1398, S/N: C02NVDXWG3QD; and

  n. One Orange 16GB "Progressive" Thumbdrive, S/N: Unknown.

(collectively, "Defendant Property").

7. Special Agents of the Federal Bureau of Investigation and/or Task Force Officers seized the Defendant Property on or about July 15, 2020, at a residence located at 19XX Briarwood Drive in Flint, Michigan.

## UNDERLYING CRIMINAL STATUTES

8. 18 U.S.C. § 2252A prohibits, among other things, the distribution and possession of child pornography, as well as knowingly accessing or attempting to access with the intent to view child pornography.

9. 18 U.S.C. § 2256(8) defines child pornography as:

[A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—

 (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

 (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

 (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

4

## STATUTORY BASIS FOR CIVIL FORFEITURE

10. 18 U.S.C. § 2254 governs the civil forfeiture of property resulting from violations of 18 U.S.C. § 2252A(a)(2) (Distribution of Child Pornography) and 18 U.S.C. § 2252A(a)(5)(B) (Possession and Intentional Access of Child Pornography):

> Any property subject to forfeiture pursuant to section 2253 may be forfeited to the United States in a civil case in accordance with the procedures set forth in [18 U.S.C. § 981].

11. 18 U.S.C. § 2253 states that the following property shall be subject to forfeiture:

> (1) any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
>
> (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
>
> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

## FACTUAL BASIS IN SUPPORT OF FORFEITURE

12. The Defendant Property is forfeitable to the United States of America pursuant to 18 U.S.C. § 2254 as property containing a visual depiction described in 18 U.S.C. § 2252A and/or as property used, or intended to be used, to commit or

5

promote the commission of such an offense, or property traceable to such property. Evidence supporting this forfeiture includes, but is not limited to, the following:

    a.    On April 17, 2020, an FBI Task Force Officer received an investigation lead involving an individual located in Flint, Michigan thought to be engaged in child pornography via a peer-to-peer file sharing software network known as "Freenet."

    b.    Freenet is an Internet-based peer-to-peer (P2P) network that allows users to anonymously share files on the internet, chat on message boards, and access websites within the network. Freenet can be used to advertise and distribute images and videos of child pornography.

    c.    To access Freenet, a user downloads the Freenet software, which is free and publicly available. Anyone running the Freenet software can join and access the Freenet network. Each computer running Freenet connects directly to other computers running Freenet, which are called its "peers."

    d.    When installing Freenet, each user agrees to provide the network with a portion of storage space on the user's computer hard drive so that files uploaded by Freenet users can be distributed and stored across the network. Freenet users can upload files into the Freenet network and download files from the Freenet network. Once Freenet is installed on a

user's computer, the software creates a default "download" folder. Once a user successfully downloads a particular file from Freenet, Freenet may save the content of that file to the "download" folder. Any user may change this default setting and direct the file content to be downloaded elsewhere.

      e.      When a user uploads a file into Freenet, the Freenet software breaks the file into pieces (called "blocks") and encrypts each piece. If a Freenet user wants to download a file, the Freenet user must first locate the file's manifest key, which is a key to a block that contains a list of keys for the pieces relating to a particular file. Typically, the manifest key(s) are located on a message board or through websites that operate within Freenet, which are called "Freesites."

      f.      Once a manifest key is located, Freenet software retrieves the manifest block and utilizes the list of keys contained therein to request from other users on the network the blocks needed to re-create the requested file. The Freenet system stores two "blocks" for each file that needs to be re-built.  If one block cannot be located another block can be requested.

      g.      Between March 13, 2020 at 10:28 p.m. and March 13, 2020 at 11:30 p.m., a computer running "Freenet" software utilizing an Internet Protocol Address (IP address) of 68.36.109.79, with an average of 46.7 "peers," requested from a computer 53 out of 2,061 required pieces to

7

assemble a file with a SHA1 digital hash value of SP3ABGZFBWZY2UYYZ5RY6TOFQLAOBQA5. The requested file was downloaded by from Freenet using a specified key. The video file depicts explicit sexual acts of a child suspected to be under 10 years old..

  h. Additionally, between Friday, March 13, 2020 at 10:28 p.m. and Saturday, March 14, 2020 at 2:20 a.m., a computer running Freenet software utilizing the same IP address of 68.36.109.79, with an average of 54.4 "peers," requested from a computer 164 out of 3,499 required pieces to assemble a file with a SHA1 digital hash value of VQOT2BXQWJWY6ZJSOEBMCSAGRI5KUZE3. The requested file was downloaded from Freenet using a specified key. The requested file is a zipped file containing 62 image files. Several of the image files are close-ups of child pornography, including sexual assault against a child.

  i. Between Friday, March 13, 2020 at 10:28 p.m. and Friday, March 13, 2020 at 11:35 p.m., a computer running Freenet software utilizing the same IP address of 68.36.109.79, with an average of 45.1 "peers," requested from a computer 46 out of 670 required pieces to assemble a file with a SHA1 digital hash value of NBETKT25P4SLMBWHAJROLCQP2KJN5NU. The requested file was

8

downloaded from Freenet using a specified key. The video file depicts explicit child pornography.

j. During all relevant times to this Complaint, the IP Address of 68.36.109.79 was subscribed to a residence at 19XX Briarwood Drive, Flint, Michigan ("Briarwood Residence").

k. On or about July 15, 2020, a federal search warrant was executed at the Briarwood Residence to locate evidence related to receiving and distributing child pornography and knowingly accessing or attempting to access with the intent to view child pornography. The Defendant Property was seized as a result of this search.

l. The Defendant Property is property containing a visual depiction described in 18 U.S.C. § 2252A and/or is property used, or intended to be used, to commit or promote the commission of such an offense, or property traceable to such property.

## **CLAIM**

13. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 12, and all subparagraphs thereunder.

14. The Defendant Property is forfeitable to the United States of America pursuant to 18 U.S.C. § 2254 as property containing child pornography and/or as property used or intended to be used to commit violations of 18 U.S.C.

9

§ 2252A(a)(2) (Distribution of Child Pornography) and/or 18 U.S.C. § 2252A(a)(5)(B) (Possession and Intentional Access of Child Pornography).

## CONCLUSION AND RELIEF

WHEREFORE, plaintiff respectfully requests that a warrant for arrest of the Defendants *in rem* be issued; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem* to be condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other further relief as this Court may deem just and proper together with costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/Gjon Juncaj
GJON JUNCAJ
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3211
(313) 226-0209
Gjon.junca@usdoj.gov

Dated: June 3, 2022

## VERIFICATION

I, Michael Wiggins, state that I am a Special Agent with the Federal Bureau of Investigation. I have read the foregoing Complaint for Forfeiture, and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and information received from other law enforcement agents.

*Michael S. Wiggins*
Michael Wiggins, Special Agent
Federal Bureau of Investigation

Dated: May 25, 2022

11